| | |
|---|---|
| 1 | Bingham McCutchen LLP |
|   | WILLIAM F. ABRAMS (SBN 88805) |
| 2 | *william.abrams@bingham.com* |
|   | PATRICK T. WESTON (SBN 211448) |
| 3 | *patrick.weston@bingham.com* |
|   | SAMANTHA REARDON (SBN 240068) |
| 4 | *samantha.reardon@bingham.com* |
|   | 1900 University Avenue |
| 5 | East Palo Alto, CA  94303-2223 |
|   | Telephone:  650.849.4400 |
| 6 | Facsimile:  650.849.4800 |
| 7 | Attorneys for Plaintiff |
|   | ALERE MEDICAL, INC. |
| 8 | |

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| 12 | ALERE MEDICAL, INC., a California Corporation, | No.  C-07-05054 CRB |
| 13 | | **ALERE MEDICAL, INC.'S REPLY TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING (CIVIL L.R. 3-13)** |
| 14 | Plaintiff,<br>v. | |
| 15 | HEALTH HERO NETWORK, INC., a California Corporation, | |
| 16 | | |
| 17 | Defendant. | |

18          Defendant Health Hero Network, Inc. ("Health Hero") filed a "Notice of

19  Pendency of Other Action or Proceeding Pursuant to Civil L.R. 3-13(a) and (b) and Statement

20  Opposing Notice filed by Alere Medical, Inc. Pursuant to Civil L.R. 3-13(c)" on October 9, 2007

21  ("Health Hero Notice") (Docket No. 7).  Plaintiff Alere Medical, Inc. ("Alere") opposes Health

22  Hero's position on relatedness to the action in Illinois, and provides further information

23  regarding its Notice of Pendency of Other Action or Proceeding, filed October 1, 2007 (Docket

24  No. 3) in light of Health Hero's opposition.

25          Health Hero asserts that the patent infringement action it filed against Alere in the

26  United States District Court for the Northern District of Illinois, Eastern Division, on September

27  6, 2007 (Civil Action No. 07CV5031) (the "Illinois action") "involves a material part of the

28  same subject matter" of the present action because the patents at issue are related to the patent in

1  the Illinois action, and the allegedly infringing Alere products are the same.  Health Hero Notice
2  at 1:10-15.  Health Hero further contends that coordination of the two proceedings is required "to
3  avoid conflicts, conserve resources and provide an efficient determination of the dispute between
4  the two parties."  *Id.* at 1:26-2:1.  This is incorrect.
5         The Illinois action concerns the alleged infringement of a single claim of U.S.
6  Patent No. 7,223,236 (the "'236 patent").  The case in this Court, however, seeks a declaration
7  that Alere's products do not infringe the claims of seven different patents unrelated to the '236
8  patent, and that those patents are invalid.  Those patents were included in a demand letter sent to
9  Alere by Health Hero; the single patent in the Illinois action was not included in that letter.  *See*
10 Declaration of Ronald D. Geraty, M.D. in Support of Alere Medical, Inc.'s Reply to Notice of
11 Pendency of Other Action or Proceeding (Civil L.R. 3-13) ("Geraty Decl."), ¶¶ 3-4.  The
12 possibility that some of the same Alere products might be at issue in both cases does not create
13 common questions of fact such that there will be an unduly burdensome duplication of labor and
14 expense or conflicting results if the cases are conducted before different judges.
15        Civil L.R. 3-13(b)(3)(B) first considers if a case in this district and cases in other
16 districts should be assigned to Multi-District Litigation under 28 U.S.C. section 1407.  There is
17 no reason for that in this case.  Even if such common questions of fact existed, Health Hero
18 would be unable to show that the issues in each action are sufficiently complex to justify transfer
19 under 28 U.S.C. section 1407.  These actions are not typical of those ordinarily assigned to
20 Multi-District Litigation.  Where, as here, a minimal number of cases are involved, the moving
21 party has "a strong burden to show that the common questions of fact are so complex and the
22 accompanying discovery so time-consuming as to overcome the inconvenience to the party
23 whose action is being transferred and its witnesses."  *See In re Interstate Medicaid Patients at*
24 *Good Samaritan Nursing Center*, 415 F.Supp. 389, 391 (J.P.M.L. 1976) (denying motion to
25 transfer where only two actions were involved and the common factual issues were not
26 sufficiently complex).  Health Hero cannot meet this burden.
27        The next inquiry under Civil L.R. 3-13 (b)(3)(B) is if other coordination of the
28 actions would avoid conflicts, conserve resources or promote an efficient determination of the

1  dispute between the parties.  Health Hero does not dispute that both it and Alere are California
2  corporations, or that Health Hero's principal place of business is in Santa Clara County,
3  California.  Alere has offices in California and Nevada, and witnesses pertinent to this action
4  reside in those locations, including the Northern District of California.  *See* Geraty Decl., ¶ 2.
5  Moreover, Stephen Brown, the inventor of six of the seven patents at issue in this action, and the
6  inventor of the patent at issue in the Illinois action, resides within this District.  *See* Complaint
7  (Docket No. 1), Exs. A, C-G; and Declaration of Samantha L. Reardon in Support of Alere
8  Medical, Inc.'s Reply to Notice of Pendency of Other Action or Proceeding (Civil L.R. 3-13),
9  ¶ 2, Ex. A (Alere's Answer and Counterclaims in the Illinois action), and Exhibit 1 thereto (U.S.
10 Patent No. 7,223,236).  Health Hero fails to point to any facts that demonstrate that the transfer
11 of this action to the Northern District of Illinois would be warranted on the ground that the
12 Illinois venue is more convenient for either the parties or witnesses, or that the location itself is
13 central to the claims at issue.  Health Hero's only connections to Illinois is that its counsel
14 resides there and that at least one of Alere's customers resides there.  These reasons, by
15 themselves, do not justify the transfer of the present action.
16         Moreover, the Illinois case involves a single claim in a single patent, and the case
17 here involves seven different patents threatened against Alere.  To the extent these cases are
18 related, the weight of gravity, witnesses and evidence is in this district.  That fact that Alere and
19 Health Hero are the only parties to these actions does not change the weight of gravity of the
20 witnesses or the evidence.  Accordingly, the Northern District of California is the most logical
21 venue to determine Alere's claims, and transfer of this action pursuant to section 1407 would be
22 inappropriate.
23
24
25
26
27
28

| | |
|---|---|
| 1 | DATED: October 19, 2007 |
| 2 | |
| 3 | Respectfully submitted, |
| 4 | Bingham McCutchen LLP |

By: _____/s/ William F. Abrams_____
William F. Abrams
Attorneys for Plaintiff
ALERE MEDICAL, INC.