MICHAEL A. LADRA, State Bar No. 64307
    Email: mladra@wsgr.com
STEFANI E. SHANBERG, State Bar No. 206717
    Email: sshanberg@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant and Counterclaimant
HEALTH HERO NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALERE MEDICAL, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEALTH HERO NETWORK, INC., a California Corporation,<br><br>　　　　Defendant.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS<br>_____ | CASE NO.: C 07-05054 (CRB)<br><br>**HEALTH HERO'S SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER** |

Pursuant to this Court's order of November 7, 2007, Health Hero Network, Inc. ("Health Hero") files this supplemental brief to address the propriety of transferring this case to the Northern District of Illinois. Health Hero maintains that it would serve the interests of justice to transfer this case pursuant to 28 U.S.C. § 1404(a) and below addresses the current Ninth Circuit legal standard for transferring cases between federal districts under 28 U.S.C. § 1404(a) and why, in light of the governing legal standards, this case should be transferred to the Northern District of Illinois.

### Introduction

On September 6, 2007, Health Hero brought an action against Alere in Illinois to enforce its patent rights pertaining to home healthcare monitoring technology against Alere's "DayLink" and related home healthcare monitoring products. In response, on October 1, 2007, Alere not only brought patent declaratory counterclaims against the Health Hero patent in Illinois, but also filed the instant patent declaratory action in California relating to seven other home healthcare monitoring patents owned by Health Hero and the same Alere products. In its answer and counterclaims, Alere admitted the propriety of jurisdiction and venue in Illinois. Thus, venue is indisputably proper in Illinois, and it is without question that the Illinois action will proceed. Accordingly, the Court's decision on this motion to transfer amounts not to a choice between California and Illinois, but, rather, it is a choice between one action and two.

Having accepted Illinois as a venue for its dispute with Health Hero, Alere can make no conceivable argument in favor of maintaining a second action in California. Both the California and Illinois actions pertain to Health Hero's portfolio of home healthcare monitoring patents. Both actions also pertain to the same Alere "DayLink" Monitor and related products. The actions involve common issues of infringement, validity, and damages, and they will require overlapping fact and expert discovery and analysis. The California action is nothing more than a transparent effort to increase the cost and burden of litigation to Health Hero, and it should consequently be rejected.

As set forth in detail below, the convenience of the parties, the interests of justice, and judicial economy dictate that this single dispute be resolved in the forum where it began—Chicago. Accordingly, this Court should transfer the instant action to the Northern District of Illinois.

## Background

Health Hero is an innovator in the field of technology solutions for remote health monitoring and management. Declaration of Dr. Sandeep Jaggi in Support of Supplemental Brief ("Jaggi Decl.") ¶ 3. Health Hero's solutions, including its Health Buddy® appliance, have demonstrated improved quality of care and cost savings in numerous published reports in medical literature, while winning industry awards as the best enabling technology for disease management. *Id.*

Health Hero's innovations in remote health monitoring and management are reflected in 61 issued U.S. patents and over 120 U.S. pending applications. *Id.* ¶ 4. Health Hero has entered into multiple license agreements with medical device and technology companies who have recognized the value of its patented technology to their activities. *Id.* Health Hero is also in active negotiations with others. *Id.* Leading healthcare institutions working with Health Hero include The Veterans Health Administration, McKesson Corporation, Sananet B.V., Centers for Medicare and Medicaid Services, American Medical Alert Corporation, APS and others. *Id.* ¶ 5.

Health Hero initiated licensing negotiations with Alere in August 2006. *Id.* ¶ 6. In the subsequent months, Health Hero and Alere representatives discussed several Health Hero patents and pending applications, including the seven Health Hero patents at issue in this California action and U.S. Patent No. 7,223,236 at issue in Illinois. *Id.* Though Health Hero prefers a business resolution that allows it to make its technology widely available through non-exclusive licensing, Health Hero determined it was necessary to file an action for patent infringement against Alere when discussions regarding Health Hero's patent portfolio failed to result in an agreement. *Id.*

Chicago is the location in which Health Hero has chosen to make a consolidated effort to enforce its patent rights. *Id.* ¶ 7. On September 6, 2007, Health Hero filed its patent infringement action against Alere in the Northern District of Illinois, Eastern Division, Chicago (the "Illinois action"). Declaration of Stefani E. Shanberg in Support of Health Hero's Supplemental Brief ("Shanberg Decl.") ¶ 3 & Ex. 1. The Illinois action accuses the Alere "DayLink" Monitor, Heart Failure Program, NurseStation, Home Monitoring Program, and AlereNet system of infringing Health Hero's U.S. Patent No. 7,223,236 (the "'236 patent"). Shanberg Decl. ¶ 4. The '236 patent issued on May 29, 2007. *Id.*

On October 1, 2007, Alere answered and filed counterclaims of non-infringement and invalidity in the Illinois action. *Id.* ¶ 5 & Ex. 2. In its answer, Alere admitted that venue is proper in Illinois. *Id.* Alere also admitted that it has customers in the Northern District of Illinois, that it has delivered equipment and/or services to patients in the Northern District of Illinois, and that, in particular, its customer Humana is located in the Northern District of Illinois. *Id.* Alere touts its relationship with Humana on its website, and Alere also recently exhibited its products at a trade show in Chicago. Shanberg Decl. ¶ 6 & Ex. 3. Though Alere is headquartered in Reno, Nevada, it also recently highlighted Chicago as one of its six locations of "National Presence." Shanberg Decl. ¶ 7 & Ex. 4 at 6. No locale in the Northern District of California is on that list. *Id.*[1]

Also on October 1, 2007, despite having filed declaratory counterclaims against Health Hero in the Northern District of Illinois and having admitted the propriety of venue in that court, Alere filed a complaint seeking a declaratory judgment of non-infringement and invalidity in this court (the "California action"). Shanberg Decl. ¶ 8 & Ex. 5. The California action seeks a declaratory judgment that the same Alere home

---

[1] Moreover, Alere recently announced that it will soon be acquired by a company headquartered in Massachusetts. *Id.* ¶ 10 & Ex. 6.

healthcare monitoring products and services at issue in the Illinois action do not infringe seven patents in Health Hero's portfolio relating to remote monitoring of home healthcare patients: U.S. Patent No. 6,368,273 (the "'273 patent"); U.S. Patent No. 5,601,435 (the "'435 patent"); U.S. Patent No. 5,832,448 (the "'448 patent"); U.S. Patent No. 6,246,992 (the "'992 patent); U.S. Patent No. 5,879,163 (the "'163 patent"); U.S. Patent No. 6,151,586 (the "'586 patent"); and U.S. Patent No. 6,161,095 (the "'095 patent") (collectively, the "California action patents"). *Id.* Health Hero filed its answer and counterclaims in the California action on November 13, 2007 alleging infringement of five of the California action patents. *Id.* ¶ 12.

All patents-in-suit in both actions (except for the '435 patent which nonetheless pertains to similar technology) have a common inventor—Mr. Stephen Brown. *Id.* The patents in both actions were the subject of licensing discussions between the parties over the past year. Jaggi Decl. ¶ 6. Further, the products at issue in both actions are the same Alere "DayLink" Monitor and related products. Shanberg Decl. ¶ 7 & Exs. 1 & 5.

In addition to the Alere suit, Health Hero currently has an action for patent infringement pending against Patient Care Technologies, Inc., Case No. 1:07-cv-02131, in the Northern District of Illinois (Chicago) (the "Patient Care action"). Shanberg Decl. ¶ 9. The Patient Care action involves a patent from the same Health Hero portfolio covering home healthcare monitoring technology at issue in both the Illinois and California actions pending between Health Hero and Alere. *Id.* The patent-in-suit in the Patient Care action is a continuation-in-part of the '273 patent at issue in this Court. *Id.*

## Legal Standards and Application

**1)   Ninth Circuit Legal Standards for Venue Transfer Pursuant to 28 U.S.C. § 1404(a)**

Under Title 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goal of § 1404(a) "is to prevent

1 waste of time, energy, and money and to protect litigants, witnesses, and the public
2 against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612,
3 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945, 950 (1964) (internal quotations omitted).

4       In order for a district court to transfer an action under § 1404(a), the Court must
5 make the following two findings: "(1) that the transferee court is one where the action
6 'might have been brought,' and (2) that the convenience of the parties and witnesses and
7 the interest of justice favor transfer." *JACO Envtl. Inc. v. Appliance Recycling Ctrs. of*
8 *Am., Inc.*, No. C 06-06601 JSW, 2007 WL 951274, at *2 (N.D. Cal. Mar. 27, 2007)
9 (quoting *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)). To determine
10 whether the second prong is met, the Court considers the following factors: "[p]laintiffs'
11 choice of forum; convenience of the parties and witnesses; ease of access to sources of
12 proof; local interest in the controversy; familiarity of each forum with the applicable law;
13 and relative congestion in each forum." *Id.* (citing *Decker Coal Co. v. Commonwealth*
14 *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *see also Gulf Oil Corp. v. Gilbert*, 330
15 U.S. 501, 508-09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947).

16       There are several factors that diminish the deference given to a plaintiff's choice
17 of forum. For one, "in contrast to the strong presumption in favor of a domestic
18 plaintiff's forum choice, 'a foreign plaintiff's choice of forum deserves less deference.'"
19 *JACO Environmental*, 2007 WL 951274 at *2 (quoting *Ravelo Monegro v. Rosa*, 211
20 F.3d 509, 513 (9th Cir. 2000)). The policy behind affording less deference to a
21 nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be
22 discouraged from forum shopping. *Id.* (citing *Williams v. Bowman*, 157 F. Supp. 2d
23 1103, 1107 (N.D. Cal. 2001)). Indeed, if there is any indication that a plaintiff is forum
24 shopping, its choice will be given little deference. *Id.* Additionally, a plaintiff's choice
25 of forum is afforded less deference when the facts giving rise to the action have little
26 connection to the forum of original selection. *Id.* (citing *Pacific Car & Foundry Co. v.*
27 *Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). As deference to the plaintiff's choice of
28

forum decreases, a defendant's burden to upset the plaintiff's choice of forum decreases as well. *Id.* at *3.[2]

### 2) The Interests of Justice and Convenience of the Parties Favor Transfer of this Action to the Northern District of Illinois

It is beyond dispute that the Northern District of Illinois is a district in which Alere's declaratory relief action "might have been brought." Indeed, Alere has admitted to the propriety of the Northern District of Illinois as a venue to determine a patent dispute between it and Health Hero pertaining to the same Alere products. Shanberg Decl. ¶ 5 & Ex. 2. Accordingly, the inquiry must focus on whether the interests of justice and convenience of the parties favor transfer. *See Hatch*, 758 F.2d at 414. The relevant factors (to the extent applicable) each favor transfer.

Though Health Hero recognizes that certain traditional convenience factors may favor California, existence of the Illinois action changes the analysis. Here, the Court's decision is not between California and Illinois, but rather between the maintenance of one action and two. It is indisputable that venue is proper in Illinois and that the Illinois action will proceed in Illinois. Indeed, Alere has not objected to venue in Illinois and has filed a counterclaim on the '236 patent in that judicial district. Moreover, Alere and

---

[2] Health Hero recognizes that the first-to-file rule does not technically apply under these circumstances, but the policy rationale for the first-to-file rule nonetheless favors transfer to Illinois. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Intuitive Surgical, Inc. v. California Inst. of Tech.*, No. C07-0063-CW, 2007 WL 1150787, at *2 (N.D. Cal. Apr. 18, 2007) (citation omitted). The Northern District of Illinois, the Court to which Health Hero requests this action be transferred, held that "[i]n resolving venue disputes . . . where two actions involve closely related patent infringement questions, the Federal Circuit has strongly endorsed the first-to-file doctrine." *Vanguard Prods. Group, Inc. v. Protex Int'l Corp.*, No. 05 C 6310, 2006 WL 695700, at *2 (N.D. Ill. Mar. 14, 2006) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 515 U.S. 277, 289, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)). Here, the earlier-filed Illinois action involves identical parties, the same Health Hero portfolio of home healthcare monitoring patents, and the same Alere products. Accordingly, it should be given preference under the first-to-file rule.

Health Hero have presented to the Illinois court a joint schedule proposal for the Illinois action to proceed in Illinois. Shanberg Decl. ¶ 11 & Ex. 7. In view of the Illinois action, the California action does nothing more than add unnecessary complexity and cost. The Illinois and California actions involve common parties, technology, and products; issues of infringement, validity, and damages; and requirements for fact and expert discovery and analysis.

In addition to the obvious efficiencies that result from litigating in a single forum, one of the Court's overriding concerns should be the possibility of inconsistent results. Here, there is a risk of inconsistent results if the two actions were to proceed separately. For example, while the parties have yet to determine the claim terms to be construed in the patents-in-suit, there are multiple overlapping claim terms between the '236 patent at issue in Illinois and the California action patents.[3] In addition, the damages issues relevant to the California and Illinois actions will significantly overlap, particularly in light of the fact that both actions will involve the same Health Hero patent portfolio and the same Alere products. Further, both actions arose from the same licensing discussions. It is in the interests of all involved, and, in particular, it is in the interests of justice, for these issues to be resolved consistently and by a single court.

Turning to the traditional convenience factors, the first factor to be considered is the plaintiff's choice of forum. Here, Alere's choice of the Northern District of California should be given little weight. Alere is not resident in the Northern District of California, as it has its principal place of business in Reno, Nevada. Shanberg Decl. Ex. B at 2. Further, the California action has little connection to the Northern District of

---

[3] For example, the '236 patent and the '435 patent contain the claim term "physiological data;" the '236 patent, the '435 patent, the '448 patent, the '992 patent, and the '586 patent each contain the claim term "display;" the '236 patent, the '273 patent, and the '095 patent each contain the claim term "server;" the similar terms "health-care provider" and "health-care professional" appear in the '236 patent and the '163 patent; and the similar terms "communication network" and "communications link" appear in the '236 patent and the '163 patent.

California, as Alere conducts business nationwide; Alere's home venue is Nevada, and Alere has just recently announced that it is being acquired by a company headquartered in Massachusetts. Shanberg Decl. ¶ 7 & Ex. 4 at 6 and ¶ 10 & Ex. 6. Here, it is obvious that Alere is engaging in forum shopping, thus further diminishing the deference given to its choice of forum. *See JACO Environmental*, 2007 WL 951274 at *2. Accordingly, as Judge Whyte found in the *JACO Environmental* case, Health Hero's "burden to make a strong showing of inconvenience is significantly reduced," and "this factor weighs in favor of transfer." *See id.* at *3.

The second and third factors—the convenience of the parties and witnesses and ease of access to sources of proof—further favor transfer. It cannot be disputed that it is more convenient to litigate related issues in a single forum. A single court would need to be educated on the technology at issue; a single court would be charged with construing similar patents and claim terms; and, a single court would be charged with addressing what promise to be very similar issues of infringement and damages. In addition, fact discovery and expert analysis regarding the Alere products and the Health Hero patents will substantially overlap between the two actions. And the same witnesses will need to be deposed in both actions. The claims brought by Alere against Health Hero in the California action could be consolidated with the claims already at issue between Alere and Health Hero in the Illinois action. Moreover, the related Patient Care action is pending in the Northern District of Illinois and could be consolidated before the same judge, if deemed appropriate by the Illinois court. In addition, Humana, a key customer of Alere, is located in Chicago and will likely have employees who will be called as witnesses regarding the operation of the accused Alere products and systems. Shanberg Decl. ¶ 5 & Ex. 2.

Because Alere conducts business nationwide, and both courts are familiar with the applicable federal law, the fourth and fifth factors (i.e., local interest in the controversy and familiarity of each forum with the applicable law) are of little relevance. The final

factor—relative congestion in each forum—also favors transfer. The Northern District of Illinois is a less congested court than the Northern District of California according to each and every Federal Judicial Case Load statistic measured by the Federal Judiciary in 2006. *See* e.g., http://www.uscourts.gov/caseload2006/contents.html, Table C-5 (e.g., stating that the median time interval in number of months for disposition of civil cases in the Northern District of California is 9.2 months while it is only 6.1 months in the Northern District of Illinois).[4]

///

---

[4] A court also has the inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for [the] litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed 153, 158 (1936). In determining whether to stay proceedings, the Court should consider the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). If the Court declines to transfer the California action to be consolidated with the Illinois action, judicial economy necessitates staying the California action until the Illinois action has been resolved. In addition to all factors discussed above, allowing both cases to proceed presents a significant hardship to Health Hero's ability to enforce its patent rights. Health Hero would be prejudiced by having to fund and participate in duplicative concurrent actions when a single action in Illinois could more efficiently and effectively resolve the dispute between the parties. To the contrary, a stay of the California action will not significantly prejudice Alere. Having accepted Illinois as a venue, Alere can make no conceivable argument of prejudice. Alere cannot argue that it would be inconvenienced by litigating in Chicago, and any arguments it may make regarding the advantages of litigating elsewhere are irrelevant in light of the pendency of the Illinois action. Staying the California action pending resolution of the Illinois action will conserve the resources of the parties and the courts, prevent duplicative litigation, including discovery and motion practice, and avoid inconsistent results.

## Conclusion

For the foregoing reasons, Health Hero respectfully requests that the Court transfer this action to the Northern District of Illinois, Eastern Division, for consolidated resolution with the action there-pending.

Dated: November 14, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Stefani E. Shanberg
Stefani E. Shanberg

Attorneys for Defendant
HEALTH HERO NETWORK, INC.