# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTH HERO NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALERE MEDICAL, INC., <br><br> Defendant. | Civil Action No. 07CV5031 <br><br> Judge St. Eve <br><br> Magistrate Judge Nolan |

## ALERE'S ANSWER AND COUNTERCLAIMS

### Parties, Jurisdiction and Venue

1.   This is an action for patent infringement, arising under 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

**ANSWER**: Paragraph 1 contains Plaintiff's characterization of this lawsuit as to which no response is required. To the extent a response is required, Alere admits that Plaintiff's Complaint purports to assert claims for patent infringement. Alere also admits upon information and belief that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.   Venue is proper in this judicial district under at least 28 U.S.C. §§ 1400(b), 1331(c).

**ANSWER**: Admitted.

1

3. Plaintiff is a California corporation, with a place of business in Redwood City, CA.

**ANSWER**: Alere admits that Health Hero Network, Inc. purports to be properly organized and existing as a corporation under the laws of the State of California. Alere alleges that Health Hero Network, Inc.'s principal place of business is located at 2400 Geng Road, Suite 200, Palo Alto, CA 94303. Except as admitted, Alere is without knowledge or information sufficient to form a belief as to the truth of paragraph 3, and therefore denies the same.

4. Plaintiff is the owner of the right, title and interest in United States Patent No. 7,223,236 ("the '236 patent"), entitled "System And Method For Monitoring User Related Data From A Person," issued May 29, 2007. As owner of the '236 patent, Plaintiff has standing to sue for infringement.

**ANSWER**: Alere admits that the title page of the '236 patent states on its face that it (1) is entitled "System And Method For Monitoring User-Related Data From A Person," (2) was issued on May 29, 2007, and (3) is assigned to Health Hero Network, Inc. Except as admitted, Alere is without knowledge or information sufficient to form a belief as to the truth of paragraph 4, and therefore denies the same.

5. Defendant is a corporation, with corporate headquarters in Reno, NV.

**ANSWER**: Admitted.

6. Defendant is in the business, on a nationwide basis, of providing hardware, software, systems, service, support and/or products related to home patient medical

monitoring and disease management programs and systems, including The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and the AlereNet system, which utilize the Alere Daylink® Monitor.

**ANSWER**: Alere admits that it provides services and equipment related to medical monitoring and disease management programs, including the Alere Daylink® Monitor and the Alere Heart Failure Program. Alere denies the remaining allegations of paragraph 6.

7. On information and belief, after a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant and its agents use its home patient medical monitoring system, and/or sell or provide related products and services, for the benefit, of consumers in this District.

**ANSWER**: Alere admits and alleges that its customers have members who live in this District, and that it has delivered equipment and/or services to patients in this District. Alere denies the remaining allegations of paragraph 7.

8. On information and belief, after a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant provides its heart failure management services to eligible Medicare Advantage members of Humana in Chicago.

**ANSWER**: Alere admits that it has provided services to members of Humana in or around the Chicago area. Alere denies the remaining allegations of paragraph 8.

9. Humana is a customer of Defendant.
**ANSWER**: Admitted.

3

10. According to Defendant: "Alere has contracts nationwide and is currently monitoring patients in 36 states. We work with all types of providers and have HMO/PPO, Medicare and Medicaid contracts with 50 customers. . . ."

**ANSWER**: Denied.

11. Plaintiff provided Defendant a copy of allowed claims from the application which issued as the '236 patent, including allowed claim 24 which later issued as claim 21. On July 16, 2007, Plaintiff provided Defendant a copy of the '236 patent.

**ANSWER**: Alere admits that it received a copy of the '236 patent on July 16, 2007. Alere also admits and alleges that it received a communication regarding patent claims in application. Alere denies the remaining allegations of paragraph 11.

12. After request by Plaintiff, Defendant refused or declined to provide to Plaintiff information regarding the structure and operation of Defendant's products and services relating to home healthcare monitoring.

**ANSWER**: Denied.

13. After request by Plaintiff, Defendant refused or declined to provide to Plaintiff information regarding alleged art references in regard to Health Hero patents related to the '236 patent.

**ANSWER**: Denied.

A/72231440.8/3005445-0000322390

## COUNT 1
## Patent Infringement

14. Plaintiff incorporates allegations 1 through 13 herein.

**ANSWER**: Alere incorporates by reference its answers to paragraphs 1-13 above, as if fully set forth herein.

15. After a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant has infringed and continues to infringe at least claim 21 of the '236 patent, directly, contributorily, and/or through inducement, for example, by acts concerning making, having made, using, importing, selling, and/or offering to sell certain products or components, support, software, and/or systems, including, for example, such activity relating to the Alere DayLink® Monitor, The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and/or the AlereNet system.

**ANSWER**: Denied.

16. Defendant's infringement has caused monetary damage and irreparable injury to Plaintiff. Unless, and until, such infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to Plaintiff.

**ANSWER**: Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

17. Plaintiff's Complaint, and each purported claim asserted, fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Uncertainty)

18. Plaintiff's Complaint, and each purported claim asserted, fails because they are vague and uncertain.

### THIRD AFFIRMATIVE DEFENSE
(No Willful Infringement)

19. Alere has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any claim of U.S. Patent No. 7,223,236 ("the '236 patent").

### FOURTH AFFIRMATIVE DEFENSE
(Patent Invalidity)

20. The '236 patent is invalid for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and no claim of the '236 patent can be validly construed to cover any Alere products.

### FIFTH AFFIRMATIVE DEFENSE
(Patent Unenforceability)

21. The '236 Patent is unenforceable for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

22. Plaintiff's claims for damages and an injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 287.

## ALERE'S COUNTERCLAIMS

### Jurisdiction and Venue

23. Counterclaimant and defendant Alere Medical, Inc. is a California corporation having its principal place of business at 595 Double Eagle Court, Suite 1000, Reno, Nevada 89521.

24. Upon information and belief, counterclaim defendant and plaintiff Health Hero Network, Inc. ("Health Hero") purports to be a California corporation with its principal place of business at 2400 Geng Road, Suite 200, Palo Alto, CA 94303.

25. This is a counterclaim for declaratory judgment of noninfringement, invalidity and/or unenforceability arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1338(a), 2201 and 2202.

26. This Court has personal jurisdiction over Health Hero based upon its presence and conduct in this Judicial District, and because Health Hero has voluntarily subjected itself to the jurisdiction of this Court.

27. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Health Hero is subject to personal jurisdiction in this Judicial District and has regularly conducted business in this Judicial District.

## Patent In Suit

28.  U.S. Patent No. 7,223,236 ("the '236 patent") (a true and correct copy of which is attached hereto as Exhibit 1), is entitled "System And Method For Monitoring User Related Data From A Person," and purports on its face to have issued on May 29, 2007.

29.  Upon information and belief, based on the assignment records of the United States Patent and Trademark Office, the '236 patent is assigned to Health Hero.

## COUNT 1
## Declaratory Judgment of Non-Infringement

30.  Alere repeats and re-alleges the allegations of paragraphs 23-29 as if fully set forth herein.

31.  There is an actual controversy as to infringement by Alere of at least claim 21 of the '236 patent. Health Hero has filed suit against Alere accusing it of infringing at least claim 21 of the '236 patent.

32.  Contrary to Health Hero's allegations, Alere is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the '236 patent. Accordingly, Alere requests a judicial determination of its rights, duties and obligations regarding the '236 patent.

33.  To resolve the legal and factual questions raised by Health Hero, and to afford relief from the uncertainty and controversy that Health Hero's accusations have caused, Alere is entitled to a declaratory judgment that it does not infringe any claim of the '236 patent.

A/72231440.8/3005445-0000322390

## COUNT 2
### Declaratory Judgment of Invalidity and/or Unenforceability

34. Alere repeats and re-alleges the allegations of paragraphs 23-33 as if fully set forth herein.

35. There is an actual controversy as to the validity and/or enforceability of the '236 patent. Accordingly, Alere requests a judicial determination of its rights, duties and obligations regarding the validity and/or enforceability of the '236 patent.

36. The claims of the '236 patent are invalid and/or unenforceable for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

37. To resolve the legal and factual questions raised by Health Hero, and to afford relief from the uncertainty and controversy that Health Hero's accusations have caused, Alere is entitled to a declaratory judgment that the claims of the '236 patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Alere prays for judgment and relief as follows:

A. That Health Hero take nothing as the result of its Complaint;

B. That Health Hero's claims be dismissed in their entirety with prejudice;

C. That judgment be rendered that Health Hero is not entitled to the relief prayed for in its Complaint, or any relief whatsoever;

D. A declaration that Alere does not infringe any claim of the '236 patent;

E. A declaration that the '236 patent is invalid and/or unenforceable;

9

F. An award to Alere of its attorneys' fees pursuant to 35 U.S.C § 285 because this is an exceptional case;

G. An award to Alere for costs of suit; and

H. Such additional relief that the Court deems proper and just.

### Jury Demand

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: October 1, 2007    By: /s/ Anthoula Pomrening

Daniel A. Boehnen
Anthoula Pomrening
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606-6709
Phone: 312.913.0001
Fax: 312.913.0002

William F. Abrams, *pro hac vice*
Patrick T. Weston, *pro hac vice*
Samantha Reardon, *pro hac vice*
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, California 94303-2223
Phone: (650) 849-4400
Fax: (650) 849-4800

Attorneys for Defendant
ALERE MEDICAL, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing ALERE'S ANSWER AND COUNTERCLAIMS was served on October 1, 2007, in the above-identified action electronically via this Court's ECF system to the following Filing Users:

Rhett Dennerline
(dennerline@competelaw.com)
Greg Smith
(smith@competelaw.com)
COMPETITION LAW GROUP LLC
55 W. Monroe Street, Suite 1930
Chicago, IL 60603
Tel: (312) 236-0733
Fax: (312) 236-3137

                                                s/Anthoula Pomrening