# Exhibit 5

Bingham McCutchen LLP
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
PATRICK T. WESTON (SBN 211448)
patrick.weston@bingham.com
SAMANTHA REARDON (SBN 240068)
samantha.reardon@bingham.com
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Plaintiff
ALERE MEDICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERE MEDICAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH HERO NETWORK, INC., a California Corporation,<br><br>Defendant. | No. C-07-05054 MEJ<br><br>**COMPLAINT OF PLAINTIFF ALERE MEDICAL, INC. FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**PARTIES**

1.  Plaintiff Alere Medical, Inc. ("Alere") is a California corporation with its principal place of business at 595 Double Eagle Court, Suite 1000, Reno, Nevada 89521.

2.  Defendant Health Hero Network, Inc. ("Health Hero") purports to be a California corporation with its principal place of business at 2400 Geng Road, Suite 200, Palo Alto, CA 94303.

A/72231443.6

COMPLAINT OF PLAINTIFF ALERE MEDICAL, INC. FOR DECLARATORY JUDGMENT

## JURISDICTION AND VENUE

3.  This is an action for declaratory judgment of noninfringement, invalidity and/or unenforceability arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1338(a), 2201 and 2202.

4.  This Court has personal jurisdiction over Health Hero based upon its presence and conduct in this Judicial District, and because its principal place of business is located in this Judicial District.

5.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Health Hero is subject to personal jurisdiction in this Judicial District, has regularly conducted business in this Judicial District, and has its principal place of business in this Judicial District.

## PATENTS IN SUIT

6.  U.S. Patent No. 6,368,273 ("the '273 patent") is entitled "Networked System For Interactive Communication And Remote Monitoring Of Individuals," and purports on its face to have issued on April 9, 2002. A true and correct copy is attached hereto as Exhibit A.

7.  U.S. Patent No. 5,601,435 ("the '435 patent") is entitled "Method And Apparatus For Interactively Monitoring A Physiological Condition And For Interactively Providing Health Related Information," and purports on its face to have issued on February 11, 1997. A true and correct copy is attached hereto as Exhibit B.

8.  U.S. Patent No. 5,832,448 ("the '448 patent") is entitled "Multiple Patient Monitoring System For Proactive Health Management," and purports on its face to have issued on November 3, 1998. A true and correct copy is attached hereto as Exhibit C.

9.  U.S. Patent No. 6,246,992 ("the '992 patent") is entitled "Multiple Patient Monitoring System For Proactive Health Management," and purports on its face to have issued on June 12, 2001. A true and correct copy is attached hereto as Exhibit D.

1      10.    U.S. Patent No. 5,879,163 ("the '163 patent") is entitled "On-Line Health Education And Feedback System Using Motivational Driver Profile Coding And Automated Content Fulfillment," and purports on its face to have issued on March 9, 1999. A true and correct copy is attached hereto as Exhibit E.

11.    U.S. Patent No. 6,151,586 ("the '586 patent") is entitled "Computerized Reward System For Encouraging Participation In A Health Management Program," and purports on its face to have issued on November 21, 2000. A true and correct copy is attached hereto as Exhibit F.

12.    U.S. Patent No. 6,161,095 ("the '095 patent") is entitled "Treatment Regimen Compliance And Efficacy With Feedback," and purports on its face to have issued on December 12, 2000. A true and correct copy is attached hereto as Exhibit G.

13.    The '273 patent, the '435 patent, the '448 patent, the '992 patent, the '163 patent, the '586 patent, and the '095 patent are collectively referred to as "the patents-in-suit."

14.    The assignment records of the United States Patent and Trademark Office state that the '273 patent, the '448 patent, the '992 patent, the '163 patent, the '586 patent and the '095 patent, are assigned to Health Hero. Upon information and belief, and based on the representations of Health Hero, Alere alleges that Health Hero is the assignee of the '435 patent.

## INTRADISTRICT ASSIGNMENT

15.    Pursuant to Civil Local Rules 3-2(c) and 3-5, this action is appropriate for assignment on a district-wide basis because it is a declaratory judgment action based on underlying patent claims.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '273, '435, '448, '992, '163, '586, and '095 Patents)

16.    Alere repeats and re-alleges the allegations of the preceding paragraphs of this complaint as if fully set forth herein.

A/72231443.6

3

1    17.    Health Hero has informed Alere that it contends that Alere infringes one or more claims of each of the patents-in-suit. Therefore, there is an actual controversy as to infringement by Alere of the patents-in-suit.

    18.    Contrary to Health Hero's allegations, Alere is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the patents-in-suit. Accordingly, Alere requests a judicial determination of its rights, duties and obligations regarding the patents-in-suit.

    19.    To resolve the legal and factual questions raised by Health Hero, and to afford relief from the uncertainty and controversy that Health Hero's accusations have caused, Alere is entitled to a declaratory judgment that it does not infringe any claim of the patents-in-suit.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity and/or Unenforceability of the '273, '435, '448, '992, '163, '586, and '095 Patents)**

    20.    Alere repeats and re-alleges the allegations of the preceding paragraphs of this complaint as if fully set forth herein.

    21.    There is an actual controversy as to the validity and/or enforceability of the patents-in-suit. Accordingly, Alere requests a judicial determination of its rights, duties and obligations regarding the validity and/or enforceability of the patents-in-suit.

    22.    The claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

    23.    To resolve the legal and factual questions raised by Health Hero, and to afford relief from the uncertainty and controversy that Health Hero's accusations have caused, Alere is entitled to a declaratory judgment that the claims of the patents-in-suit are invalid and/or unenforceable.

A/72231443.6                                    4

COMPLAINT OF PLAINTIFF ALERE MEDICAL, INC. FOR DECLARATORY JUDGMENT

**PRAYER FOR RELIEF**

WHEREFORE, Alere prays for judgment and relief as follows:

A.  A declaration that Alere does not infringe any claim of the '273, '435, '448, '992, '163, '586, or '095 patents;

B.  A declaration that the '273, '435, '448, '992, '163, '586, and '095 patents are invalid and/or unenforceable;

C.  An award to Alere of its attorneys' fees pursuant to 35 U.S.C § 285 because this is an exceptional case;

D.  For costs of suit; and

D.  Such additional relief that the Court deems proper and just.

DATED: October 1, 2007

Respectfully submitted,

Bingham McCutchen LLP


By:_____/s/_____
William F. Abrams
Attorneys for Plaintiff
ALERE MEDICAL, INC.

A/72231443.6

5

COMPLAINT OF PLAINTIFF ALERE MEDICAL, INC. FOR DECLARATORY JUDGMENT

# DEMAND FOR JURY TRIAL

Alere hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: October 1, 2007

                    Respectfully submitted,

                    Bingham McCutchen LLP

                    By: _____/s/_____
                           William F. Abrams
                         Attorneys for Plaintiff
                         ALERE MEDICAL, INC.