# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTH HERO NETWORK, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 5031 |
| vs. ) | |
| ) | Hon. Judge St. Eve |
| ALERE MEDICAL, INC. ) | |
| ) | |
| Defendant. ) | **Jury Trial Demanded** |

## JOINT
## INITIAL STATUS REPORT

The parties met pursuant to Federal Rule of Civil Federal Rule of Civil Procedure 26(f) and conduct a planning meeting. The parties prepared the following joint initial status report (with a courtesy copy to Chambers in Room 1260):

1. **The Nature of the Case**

    A.  Identify the attorneys of record for each party, including the lead trial attorney:

| Plaintiff Health Hero: | Rhett Dennerline (lead), Greg Smith, both trial counsel and of Competition Law Group LLC. |
|---|---|
| Defendant/Counter-plaintiff Alere: | Daniel A. Boehnen, Anthoula Pomrening (of McDonnell, Boehnen, Hulbert & Berghoff LLP); William F. Abrams (lead), Patrick T. Weston, and Samantha Reardon (of Bingham McCutchen LLP) |

   B.  State the basis for federal jurisdiction:  **United States Patent Act.**

   C.  Describe the nature of the claims asserted in the complaint and any counterclaims:

| Plaintiff Health Hero: | Plaintiff is the owner of the right, title and interest in United States Patent No. 7,223,236 ("the '236 patent"), entitled "System And Method For Monitoring User-Related Data From A Person," issued May 29, 2007.<br><br>Defendant Alere provides service, support and/or products related to home patient medical monitoring and disease management programs |
|---|---|

|  | and systems. Plaintiff believes that Defendant Alere infringes the '236 patent relating to Alere's DayLink® Monitor, The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and/or the AlereNet system. |
|---|---|
| Defendant/Counter-plaintiff Alere: | Alere denies that it infringes the '236 patent or that it has caused any damage to Health Hero, and alleges that the '236 patent is invalid and/or unenforceable. Alere has counter-claimed seeking a declaratory judgment that it does not infringe the '236 patent, and that the '236 patent is invalid and unenforceable. |

    D.    State the major legal and factual issues in the case.

| Plaintiff Health Hero: | Confirming infringement of the '236 patent by Alere's activity, and determining the amount of damages, and appropriate form of injunctive relief. |
|---|---|
| Defendant/Counter-plaintiff Alere: | Properly construing the language of the asserted claim(s) of the '236 patent; confirming that Alere does not infringe the '236 patent and has not caused any damage to Health Hero; and confirming that the '236 patent is invalid and unenforceable. |

    E.    Describe the relief sought by the plaintiff.

| Plaintiff Health Hero: | Appropriate damages to compensate Health Hero for the patent infringement that has occurred, including enjoining Defendant Alere and those acting in concert or participating with them from further acts of infringement of the `236 patent. |
|---|---|
| Defendant/Counter-plaintiff Alere: | A judgment that Health Hero take nothing as the result of its complaint, and that it is not entitled to any relief from Alere; a declaration that Alere does not infringe the '236 patent, and that the '236 patent is invalid and unenforceable; and an award to Alere of its attorney's fees and costs of suit. |

**2.**     **Pending Motions and Case Plan**

    A.    Identify All Pending Motions: **No motions are pending.**

    B.    Submit a proposal for a discovery plan, including the following information:

        A.    The type of discovery needed:

| Plaintiff Health Hero: | Interrogatory and deposition testimony and production of, e.g., non-public documentation on the structure and operation of the accused Alere products and systems.<br><br>Interrogatory and deposition testimony and production of documentation on Alere financial information related to damages. |
|---|---|

2

|  | Interrogatory and deposition testimony and production of documentation on Alere's contentions of alleged non-infringement and invalidity. |
|---|---|
| Defendant/Counter-plaintiff Alere: | Interrogatories, depositions, and production of documents regarding the prior art, conception, inventorship, reduction to practice, prosecution, and file history of the '236 patent.<br><br>Interrogatories, depositions, and production of documents regarding any damages suffered by Health Hero allegedly as the result of Alere's activities. |

B. A date for Rule 26(a)(1) disclosures: **November 28, 2007**

C. A fact discovery completion date:

| Plaintiff Health Hero: | **June 30, 2008** |
|---|---|
| Defendant/Counter-plaintiff Alere: | **May 30, 2008** |

D. An expert discovery completion date, including dates for the delivery of expert reports

| Plaintiff Health Hero: | Designation date of plaintiff's and of defendant's trial expert(s) under Fed. R. Civ. P. 26(a)(2) on which a party has burden of proof: **August 29, 2008.**<br><br>Designation date for rebuttal expert report(s): **September 30, 2008.**<br><br>Depositions of the experts, if any, shall be taken by: **November 3, 2008.** |
|---|---|
| Defendant/Counter-plaintiff Alere: | Designation date of plaintiff's and of defendant's trial expert(s) under Fed. R. Civ. P. 26(a)(2) on which a party has burden of proof: **August 1, 2008.**<br><br>Designation date for rebuttal expert report(s): **August 29, 2008.**<br><br>Depositions of the experts, if any, shall be taken by: **October 3, 2008.** |

E. A date for the filing of dispositive motions:

| Plaintiff Health Hero: | **December 2, 2008** |
|---|---|
| Defendant/Counter-plaintiff Alere: | **November 4, 2008** |

3

F.   A date for the filing of a final pretrial order:

| Plaintiff Health Hero: | **March 30, 2009** |
|---|---|
| Defendant/Counter-plaintiff Alere: | **February 27, 2009** |

C.   With respect to trial, indicate the following:

A.   Whether a jury trial is requested: **Yes.**

B.   The probable length of trial:

| Plaintiff Health Hero: | **4-8 days** |
|---|---|
| Defendant/Counter-plaintiff Alere: | **3-5 days** |

B.   When the case will be ready for trial:

| Plaintiff Health Hero: | **March 31, 2009** |
|---|---|
| Defendant/Counter-plaintiff Alere: | **March 2, 2009** |

3.   **Consent to Proceed Before a Magistrate Judge**

- Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

**The parties do not consent to have case proceed before magistrate judge.**

4.   **Status of Settlement Discussions**

A.   Indicate whether any settlement discussions have occurred;
B.   Describe the status of any settlement discussions; and
C.   Whether the parties request a settlement conference:

| Plaintiff Health Hero: | The parties have had licensing discussions within the last year. Those discussions did not result in an agreement. No settlement discussions are presently pending. Plaintiff Health Hero believes that a settlement conference may be useful, and accordingly requests such a conference.<br><br>The Court is also advised that Alere initiated a second-filed declaratory patent action against Health Hero regarding related patents (in the Northern District of California) the same day it answered and |
|---|---|

4

|  | counterclaimed in this case.<br><br>Health Hero disagrees with Alere that the patents in the second-filed California action are not related to the '236 patent (in this case). Health Hero also disagrees with Alere that the '236 patent was not discussed with the patents at issue in the second-filed California case, in that, for example, the pending application for the '236 patent, and its allowed claims were the subject of discussions in March 2007. |
|---|---|
| Defendant/Counter-plaintiff Alere: | Licensing demands were made upon Alere by Health Hero regarding eleven of Health Hero's other patents that are not at issue in this litigation. The '236 patent (which is the subject of this litigation) only recently issued on May 29, 2007, and has not been part of those earlier licensing discussions. Litigation is currently pending between the parties in the Northern District of California regarding seven of the earlier-asserted patents that are not related to the patent at issue in this action. Nevertheless, Alere would be willing to participate in a settlement conference. |

Dated: November 5, 2007

5