KC FILED
SEP 06 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTH HERO NETWORK, INC. ) | |
| ) | 07CV5031 |
| Plaintiff, ) | JUDGE ST EVE |
| ) | MAGISTRATE JUDGE NOLAN |
| vs. ) | |
| ) | |
| ALERE MEDICAL, INC. ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

For its Complaint against Defendant Alere Medical, Inc. ("Alere" or "Defendant"), Plaintiff Health Hero Network, Inc. ("Health Hero" or "Plaintiff"), states as follows:

### Parties, Jurisdiction and Venue

1. This is an action for patent infringement, arising under 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

2. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1400(b), 1391(c).

3. Plaintiff is a California corporation, with a place of business in Redwood City, CA.

4. Plaintiff is the owner of the right, title and interest in United States Patent No. 7,223,236 ("the '236 patent"), entitled "System And Method For Monitoring User-

Related Data From A Person," issued May 29, 2007. As owner of the `236 patent, Plaintiff has standing to sue for infringement.

5. Defendant is a corporation, with corporate headquarters in Reno, NV.

6. Defendant is in the business, on a nationwide basis, of providing hardware, software, systems, service, support and/or products related to home patient medical monitoring and disease management programs and systems, including The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and the AlereNet system, which utilize the Alere DayLink® Monitor.

7. On information and belief, after a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant and its agents use its home patient medical monitoring system, and/or sell or provide related products and services, for the benefit of consumers in this District.

8. On information and belief, after a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant provides its heart failure management services to eligible Medicare Advantage members of Humana in Chicago.

9. Humana is a customer of Defendant.

10. According to Defendant: "Alere has contracts nationwide and is currently monitoring patients in 36 states. We work with all types of providers and have HMO/PPO, Medicare and Medicaid contracts with 50 customers . . . ."

11. Plaintiff provided Defendant a copy of allowed claims from the application which issued as the '236 patent, including allowed claim 24 which later

issued as claim 21. On July 16, 2007, Plaintiff provided Defendant a copy of the '236 patent.

12. After request by Plaintiff, Defendant refused or declined to provide to Plaintiff information regarding the structure and operation of Defendant's products and services relating to home healthcare monitoring.

13. After request by Plaintiff, Defendant refused or declined to provide to Plaintiff information regarding alleged art references in regard to Health Hero patents related to the '236 patent.

## COUNT I
### Patent Infringement

14. Plaintiff incorporates allegations 1 through 13 herein.

15. After a reasonable opportunity for further investigation or discovery, the evidence will likely support that Defendant has infringed and continues to infringe at least claim 21 of the '236 patent, directly, contributorily, and/or through inducement, for example, by acts concerning making, having made, using, importing, selling, and/or offering to sell certain products or components, support, software, and/or systems, including, for example, such activity relating to the Alere DayLink® Monitor, The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and/or the AlereNet system.

16. Defendant's infringement has caused monetary damage and irreparable injury to Plaintiff. Unless, and until, such infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to Plaintiff.

3

## Prayer For Relief

WHEREFORE, Plaintiff requests the following as found appropriate:

A. Award damages adequate to fully compensate Plaintiff for the infringement that has occurred, including prejudgment and post-judgment interest;

B. Award enhanced damages, including treble damages, for any willful infringement pursuant to 35 U.S.C. § 284;

C. Award attorneys' fees and other costs and expenses for any activity for an exceptional case pursuant to 35 U.S.C. § 285;

D. Preliminarily and permanently enjoin Defendant, its customers, and all those acting in concert or participating with them from further acts of infringement of the `236 patent; and,

E. Award such other and further relief as is allowed or just.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Dated: September 6, 2007

Respectfully submitted,

Rhett Dennerline
Greg Smith
COMPETITION LAW GROUP LLC
55 W. Monroe Street, Suite 1930
Chicago, Illinois 60603
Tel. (312) 629-1915
Fax. (312) 629-1988

Counsel for Plaintiff