IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HEALTH HERO NETWORK, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07cv5031 |
| v. | ) ) | Judge Amy J. St. Eve |
| ALERE MEDICAL, INC., | ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF ALERE'S
MOTION TO STAY THIS LITIGATION PENDING THE
<u>REEXAMINATION OF THE PATENT-IN-SUIT</u>**

Defendant Alere Medical, Inc. ("Alere") submits this memorandum in support of its motion to stay this litigation pending the Reexamination of U.S Patent No. 7,223,236 ("the '236 patent").[1] Alere has filed a request with the United States Patent and Trademark Office ("PTO") to reexamine the '236 patent, the only patent-in-suit in this case.[2] A stay will simplify and narrow the issues in this case, reduce the cost for all parties, likely hasten resolution of key issues, and promote judicial economy.

---

[1] Counsel for Alere spoke to counsel for Plaintiff Health Hero Network on November 14, 2007 to propose that they join this motion. Plaintiff's counsel needed to confer with his client and thus did not join the motion.

[2] A copy of the Request for Reexamination of the '236 patent without the voluminous exhibits is attached as Exhibit A. The complete Request for Reexamination, including all cited references, was provided to Health Hero Network Inc.'s counsel.

I.  **INTRODUCTION**

Health Hero Network, Inc. ("Health Hero") filed the Complaint in this case on September 6, 2007. Health Hero alleges that Alere infringes claim 21 of the '236 patent and names "the Alere DayLink® Monitor, The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and/or the AlereNet system" as the accused products. On October 1, 2007, Alere answered the Complaint and counterclaimed for a declaratory judgment of non-infringement, or judgment that the '236 patent is invalid and/or unenforceable. To date, the parties have not engaged in any discovery. Initial disclosures are scheduled for November 28, 2007. A status conference was held on November 8, 2007, at which time Judge St. Eve was informed that a Request for Reexamination was being filed and that a stay would be sought by Alere. A further status conference was set for January 10, 2007.

On November 9, 2007, Alere filed a Request for Reexamination of the '236 patent with the PTO pursuant to 35 U.S.C. §§ 302-307. In its Request, Alere submitted eight prior patents that were not fully considered by the PTO when it granted the '236 patent. These prior patents disclose every element of the claims of the '236 patent.

During prosecution of the '236 patent, after finally rejecting the claims, the PTO examiner reversed its position and granted claim 21 of the 236 patent only after stating that a particular arrangement of known components was not specifically taught in the art. March 22, 2007 Notice of Allowance, at 5-6 (Exhibit B). This proposition, though, is directly at odds with *KSR Int'l Co. v. Teleflex, Inc.,* 127 S.Ct. 1727 (2007), issued by the Supreme Court on April 30, 2007. In *KSR*, a unanimous Court held that even if there is no explicit teaching, suggestion, or motivation to combine prior art teachings, a patent

claim which combines "familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 1739. This is especially true when a patent claim simply recites an arrangement of old elements with each performing the same function it has been known to perform. *Id.* The '236 patent claims do exactly that.

## II. ARGUMENT

Alere requests a stay of this litigation pending reexamination of the '236 patent on the grounds that such a stay will promote judicial economy, reduce costs and simplify the issues for trial. In addition, reexamination will benefit this Court and this judicial proceeding because the PTO, with its particular expertise, will have reviewed and clarified the relevant issues.

The district court has inherent authority and considerable latitude to order a stay pending the outcome of reexamination by the PTO. *See Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). Courts have adopted a liberal policy in granting motions to stay proceedings pending reexamination, particularly where the reexamination is filed near the outset of the litigation. *Pacesetter, Inc. v. Cardiac Pacemakers, Inc.*, No. 02-CV-1337, 2003 U.S. Dist. LEXIS 27445 at *7 (D. Minn. Nov. 17, 2003), *aff'd*, 2004 U.S. Dist. LEXIS 2699 (D. Minn. Feb. 19, 2004); *Hamilton Indus., Inc. v. Midwest Folding Products Mfg. Corp.*, 1990 WL 37642 (N.D. Ill. March 20, 1990) (granting a stay pending reexamination by the PTO and dismissing the action with leave to reinstate when the patent reexamination concluded).

3

In deciding a motion to stay, the Court must weigh the following factors: (1) whether a stay will result in a simplification or a complication of the issues; (2) the stage of the litigation, including whether discovery is in its early stages or will be almost completed, and whether the matter is set for trial; and (3) whether the stay will cause undue prejudice to the nonmoving parties. *See Clintec Nutrition Co. v. Abbott Labs.*, No. 94-C3152, 1995 WL 228988, at *1 (N.D. Ill. April 14, 1995); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03-C7822, 2004 WL 422697, at * 1 (N.D. Ill. March 3, 2004); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

### A. A Stay Will Simplify Issues For Trial

Courts note the following advantages of staying litigation pending the outcome of reexamination proceedings:

1. The prior art currently known and presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to the prior art can be alleviated by the PTO examination.

3. In those cases resulting in effected invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without further use of the Court.

5. The record of reexamination would be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses and evidence will be more easily limited in pretrial conferences after a reexamination.

7. The cost will likely be reduced for both parties and the Court.

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 1987 U.S. Dist. LEXIS 15033, at *3-4 (N.D. Ill. 1987); *see also Hamilton Indus., Inc. v. Midwest Folding Prods. Mfg. Corp.*, No. 89-C8696, 1990 WL 37642, at *1-2 (N.D. Ill. March 20, 1990).

In the present case, all of these factors weigh in favor of a stay pending reexamination. Alere asserts invalidity defenses based on prior art. There will be significant benefits to this Court and the parties if this action is stayed to allow the PTO, with its particular expertise, in the first instance, to address the technical issues of prior art in the reexamination proceedings.[3]

In the reexamination proceedings, the PTO may narrow – or perhaps invalidate – Health Hero's patent-in-suit, which would simplify – or perhaps eliminate – issues for trial. In any event, the reexamination will facilitate the trial by providing the district court with the expertise of the PTO, and possibly lead to a dismissal of the suit, or at least encourage settlement without further involvement of the Court. *See Emhart Indus.*, 1987 U.S. Dist. LEXIS 15033 at *3-4, *citing Fisher Controls Co. v. Control Components Inc.*, 443 F. Supp. 581, 582 (S.D. Iowa 1997) (describing the advantages of shifting the validity issue to the PTO).

At a minimum, the reexamination will create a substantial record as to the meaning of terms in the asserted claims. This record will assist the Court's claim construction, which in turn benefits the parties' discovery on validity and infringement. The case should be deferred until the reexamination proceeding has clarified those aspects of the dispute.

---

[3] In 2006, 511 requests for reexamination were filed. 422 requests were granted and only 28 were denied. USPTO Annual Reports, Performance and Accountability Report Fiscal Year 2006, Table 13A (Exhibit C).

By granting a stay pending reexamination, this Court does not terminate the action, but instead shifts determination of these issues, in the first instance, to the PTO. Significant resources of this Court and the parties therefore will be conserved by a stay. Since the reexamination application issues undoubtedly overlap with the present case, granting a stay is in the interest of judicial economy. *See Softview Computer Prods. Corp. v. Haworth, Inc*., No. 97 Civ. 8815, 2000 U.S. Dist. LEXIS 11274, at *8-9 (S.D.N.Y. Aug. 10, 2000). Thus, the Court should grant the stay pending the reexamination proceedings.

### B.  Discovery Has Not Yet Begun

This case is in the earliest stage of litigation. The Complaint was just recently filed, discovery has not begun, and no trial date is set. In such instances, courts have held that a stay pending reexamination is particularly appropriate. *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc*., No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill., Mar. 4, 2004) (granting stay where case had not progressed beyond the initial pleadings); *ASCII Corp. v. STD Entertainment USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting a stay where the case was in its initial stages, little discovery had been taken and no trial date had been set); *see Magna Donnelly Corp. v. Pilkington North America, Inc.,* No. 4:06-CV-126, 2007 WL 772891, at *4 (W.D. Mich. Mar. 12, 2007) (concluding that a stay is particularly appropriate at this early stage of litigation, where neither party has conducted fact discovery, answers have just been served, and where defendants "sought reexamination before the PTO and a stay in this Court even before case scheduling deadlines have been set."). Thus, this Court should grant Alere's motion to stay the litigation pending the reexamination of the '236 patent since there are many efficiencies

to be gained by focusing discovery and trial on the asserted patent as it exists after reexamination.

### C. A Stay Is Cost Effective For Litigants And The Court

By allowing the PTO to conduct its reexamination and consider the specific prior art challenges of Alere in a focused, ex parte proceeding, the parties and the Court avoid the costs and effort of discovery on other issues and claim construction, and expert witness and other expenses and activities that would occur if this matter is not stayed. The work of the PTO will be discrete and dedicated to the invalidity issue that is central to Alere's assertion in this case. If the patent is determined to be invalid by the PTO, there is no need for the infringement and damages work in this case. This is far more cost effective than proceeding with discovery and other activity, without a stay, in this case. As shown below, there is no prejudice to Health Hero in this regard.

### D. A Stay Will Not Prejudice Plaintiff

Health Hero will not be prejudiced if this action is stayed. Issuing a stay at this early point in the case yields equal and substantial benefits to both parties, as both Alere and Health Hero stand to avoid the undue expenditure of resources, time and money conducting discovery and preparing to litigate issues at trial that may ultimately be mooted or narrowed by the PTO's decision. Issuing a stay also presents material benefits to this Court by allowing it to avoid needless impositions on its time and resources. *See Softview Computer Prods. Corp.*, 2000 U.S. Dist. LEXIS 11274, at *9 (the "grant of a stay will maximize the likelihood that neither the Court nor the parties [will have to] expend their assets addressing invalid claims."). Moving forward with the litigation during the pendency of the PTO's proceedings could result in wasted resources of the

parties and the Court. Thus, Health Hero would not be prejudiced by staying this action and attempting to resolve the dispute through reexamination proceedings.

The delay in litigation will be minimal. For patents involved in litigation, all aspects of the reexamination proceedings are expedited to the extent possible, with cases taken up for action at the earliest time possible. Time periods set in actions may be extended only upon a showing of sufficient cause, and subsequent requests only in extraordinary situations. Further, action on such a proceeding will take precedence over any other action taken by the examiner in the Office. *Manual of Patent Examining Procedure* §§ 2261, 2265 (Exhibit D); 35 U.S.C. § 305; *see also Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983). Thus, the granting of a stay will result in no more than a nominal initial delay.

In sum, issuing a stay until the conclusion of the reexamination of the '236 patent at the PTO provides neither competitive nor tactical advantage to Alere, nor disadvantage to Health Hero. Refusing to grant a stay, however, would prejudice Alere, which would otherwise have to continue to devote time and resources to litigating what may be a defective patent. Given the significant benefits to be shared amongst the parties and Court should the '236 patent be reexamined, a stay until the conclusion of the reexamination of the '236 patent at the PTO is appropriate and warranted at this juncture.

### III. CONCLUSION

For the foregoing reasons, Alere respectfully requests that this Court grant the instant motion, and that this litigation be stayed pending the resolution of the reexamination request.

Respectfully submitted,

Date: November 14, 2007                    By: /s/ Anthoula Pomrening

    Daniel A. Boehnen
    Anthoula Pomrening
    **McDonnell Boehnen Hulbert & Berghoff LLP**
    300 South Wacker Drive
    Chicago, Illinois 60606
    Tel.: (312) 913-0001
    Fax: (312) 913-0002

    William F. Abrams, *pro hac vice*
    Patrick T. Weston, *pro hac vice*
    Samantha Reardon, *pro hac vice*
    **BINGHAM McCUTCHEN LLP**
    1900 University Avenue
    East Palo Alto, California 94303-2223
    Phone: (650) 849-4400
    Fax: (650) 849-4800

    *Attorneys for Defendant, Alere Medical, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF ALERE'S MOTION TO STAY THIS LITIGATION PENDING THE REEXAMINATION OF THE PATENT-IN-SUIT** was served on November 14, 2007, in the above-identified action electronically via this Court's ECF system to the following Filing Users:

Rhett Dennerline
(dennerline@competelaw.com)
Greg Smith
(smith@competelaw.com)
COMPETITION LAW GROUP LLC
55 W. Monroe Street, Suite 1930
Chicago, IL 60603
Tel: (312) 629-1900
Fax: (312) 629-1988

              s/Anthoula Pomrening

A/72317356.1/3005445-0000322390