Bingham McCutchen LLP
WILLIAM F. ABRAMS (SBN 88805)
*william.abrams@bingham.com*
PATRICK T. WESTON (SBN 211448)
*patrick.weston@bingham.com*
SAMANTHA REARDON (SBN 240068)
*samantha.reardon@bingham.com*
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Plaintiff
ALERE MEDICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERE MEDICAL, INC., a California Corporation,<br><br>    Plaintiff,<br>  v.<br><br>HEALTH HERO NETWORK, INC., a California Corporation,<br><br>    Defendant. | No. C-07-05054 CRB<br><br>**ALERE MEDICAL, INC.'S REPLY TO COUNTERCLAIM** |

# REPLY TO COUNTERCLAIM

Plaintiff and Counterclaim Defendant Alere Medical, Inc. ("Alere") hereby replies to Defendant and Counterclaim Plaintiff Health Hero Network, Inc.'s ("Health Hero") Counterclaim as follows:

## JURISDICTION AND VENUE

31.  Alere admits that Health Hero's Counterclaim purports to assert claims for patent infringement, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

A/72343089.2

No. C-07-05054 CRB

32.   Alere admits that venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and § 1400(b). Alere denies that the action filed by Health Hero against Alere in the Northern District of Illinois, Eastern Division, Chicago, Case No. 07cv5031 (the "Illinois action") is related to the suit pending between the parties before this Court. Alere further denies that venue in the Northern District of Illinois is more proper for this action.

**INTRADISTRICT ASSIGNMENT**

33.   Alere admits that this is an intellectual property action. Alere admits that pursuant to Civil Local Rule 3-2(c), intellectual property actions may be assigned on a district-wide basis. Alere admits that this Counterclaim is properly filed in the San Francisco Division, because the original Complaint was so assigned.

**THE PARTIES**

34.   Alere admits that Health Hero holds itself out as a California corporation. Alere further admits that Health Hero has its principle place of business at 2400 Geng Road, Palo Alto, California 94303. Alere denies the remaining allegations of Paragraph 34.

35.   Alere admits that it provides services and equipment related to medical monitoring and disease management programs, including the Alere Daylink® Monitor and the Alere Heart Failure Program. Alere admits it is a California corporation with its principle place of business at 595 Double Eagle Court, Suite 1000, Reno, Nevada 89521. Alere admits that it entered into an agreement for controlling interest in its shares to be acquired by a third party, and that the transaction has closed. Alere denies the remaining allegations of Paragraph 35.

**BACKGROUND**

36.   Alere lacks sufficient information to admit or deny the allegations in Paragraph 36, and on that ground denies each and every allegation of Paragraph 36.

37.   Alere lacks sufficient information to admit or deny the allegations in Paragraph 37, and on that ground denies each and every allegation of Paragraph 37.

1  38. Alere admits that Health Hero communicated with Alere starting in
2  August 2006 regarding Health Hero's assertions that U.S. Patent Nos. 6,368,273; 5,601,435;
3  5,832,448; 6,246,992; 5,879,163; 6,151,586; and 6,161,095, inter alia, are infringed by Alere.
4  Alere lacks sufficient information to admit or deny the remaining allegations in Paragraph 38,
5  and on that ground denies each and every remaining allegation of Paragraph 38.

6  39. Alere admits that Health Hero filed an action against Alere in the Northern
7  District of Illinois, Eastern Division, Chicago on September 6, 2007. Alere admits that Health
8  Hero's Complaint purports to assert claims for patent infringement of U.S. Patent No. 7,223,236
9  ("the '236 patent"). Alere admits that the title page of the '236 patent states on its face that the
10 patent issued on May 29, 2007. The remaining allegations of Paragraph 39 contain Health
11 Hero's characterization of the Illinois action, as to which no response is required. To the extent a
12 response is required, Alere admits that the Complaint in the Illinois action purports to assert
13 claims for patent infringement of claim 21 of the '236 patent. Alere denies the remaining
14 allegations of Paragraph 39.

15 40. Alere admits that it answered the Complaint and filed counterclaims for
16 declaratory judgment of noninfringement, invalidity and/or unenforceability of the '236 patent
17 on October 1, 2007. Alere admits that, in its Answer to the Complaint in the Illinois action, it
18 admitted that venue in the Northern District of Illinois was proper for the dispute regarding the
19 '236 patent. Alere admits that it filed its Complaint in this Court, seeking declaratory judgment
20 of noninfringement, invalidity and/or unenforceability on seven different patents, namely, U.S.
21 Patent Nos.: 6,368,273; 5,601,435; 5,832,448; 6,246,992; 5,879,163; 6,151,586; and 6,161,095
22 on October 1, 2007. Alere denies the remaining allegations of Paragraph 40.

23 41. Alere denies each and every allegation of Paragraph 41.

24 42. Alere denies that the '236 patent at issue in the Illinois action was raised
25 by Health Hero in licensing or other discussions between Alere and Health Hero over the past
26 year. Alere admits that the seven patents at issue in this action were raised by Health Hero in
27 discussions between Alere and Health Hero over the past year in which Health Hero asserted that
28 Alere was infringing the patents. Alere denies the remaining allegations of Paragraph 42.

43.     Alere lacks sufficient information to admit or deny the allegations in Paragraph 43, and on that ground denies each and every allegation of Paragraph 43.

44.     Alere admits that Mr. Dennerline contacted Ms. Pomrening on or about October 11, 2007.  Alere further admits that Mr. Dennerline requested information about Alere's products and that Alere has taken Mr. Dennerline's request under advisement.  Alere denies the remaining allegations of Paragraph 44.

## **COUNTERCLAIM**

45.     Alere incorporates by reference its answers to Paragraphs 31-44 above, as if fully set forth therein.

46.     Alere responds to Paragraph 46 as follows:

- Alere admits that the title page of U.S. Patent No. 6,368,273 states on its face that it (1) is entitled "Networked System For Interactive Communication And Remote Monitoring Of Individuals," (2) was issued on April 9, 2002, and (3) is assigned to Health Hero Network, Inc.
- Alere admits that the title page of U.S. Patent No. 6,151,586 states on its face that it (1) is entitled "Computerized Reward System For Encouraging Participation In A Health Management Program," (2) was issued on November 21, 2000, and (3) is assigned to Health Hero Network, Inc.
- Alere admits that the title page of U.S. Patent No. 5,832,448 states on its face that it (1) is entitled "Multiple Patient Monitoring System For Proactive Health Management," (2) was issued on November 3, 1998, and (3) is assigned to Health Hero Network, Inc.
- Alere admits that the title page of U.S. Patent No. 6,246,992 states on its face that it (1) is entitled "Multiple Patient Monitoring System For Proactive Health Management," (2) was issued on June 21, 2001, and (3) is assigned to Health Hero Network, Inc.;

- Alere admits that the title page of U.S. Patent No. 5,601,435 states on its face that it (1) is entitled "Method And Apparatus For Interactively Monitoring A Physiological Condition And For Interactively Providing Health Related Information," (2) and was issued on February 11, 1997;

(collectively referred to herein as the "Counterclaim Patents").  Except as admitted, Alere is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and its related subparts, and therefore denies each and every remaining allegation of Paragraph 46.

47. Alere denies each and every allegation of Paragraph 47.

48. Alere denies each and every allegation of Paragraph 48.  Alere alleges that no license is needed from Health Hero as alleged in Paragraph 48.

49. Alere denies each and every allegation of Paragraph 49.

50. Alere denies each and every allegation of Paragraph 50.

51. Alere denies each and every allegation of Paragraph 51.

**PRAYER FOR RELIEF**

Alere denies that Health Hero is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

Health Hero's Counterclaim, and each purported claim asserted, fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Uncertainty)

Health Hero's Counterclaim, and each purported claim asserted, fails because they are vague and uncertain.

**THIRD AFFIRMATIVE DEFENSE**
(No Willful Infringement)

Alere has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any claim of the Counterclaim Patents.

**FOURTH AFFIRMATIVE DEFENSE**
(Patent Invalidity)

The Counterclaim Patents are invalid for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and no claim of the Counterclaim Patents can be validly construed to cover any Alere products.

**FIFTH AFFIRMATIVE DEFENSE**
(Patent Unenforceability)

The Counterclaim Patents are unenforceable for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

**SIXTH AFFIRMATIVE DEFENSE**
(35 U.S.C. § 287)

Health Hero's claims for damages and an injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 287.

DATED: December 6, 2007

Respectfully submitted,

Bingham McCutchen LLP

By: /s/ William F. Abrams
William F. Abrams
william.abrams@bingham.com
Attorneys for Plaintiff
ALERE MEDICAL, INC.

**CERTIFICATION BY PATRICK T. WESTON PURSUANT TO GENERAL RULE NO. 45, SECTION X. RE E-FILING ON BEHALF OF SIGNATORY**

1. I am a lawyer licensed to practice law in the State of California, and am a counsel with the law firm of Bingham McCutchen LLP, counsel for Plaintiff and Counterclaim Defendant Alere Medical, Inc. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2. The above e-filed document contains the signature of an individual who is an ECF User, but whose User ID and Password will not be utilized in the electronic filing of the document. I declare that concurrence has been obtained from the Signatory to file this document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on December 6, 2007.

      /s/ Patrick T. Weston
      Patrick T. Weston