IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERE MEDICAL, INC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH HERO NETWORK, INC., <br><br> Defendant. | No. C 07-05054 CRB <br><br> **ORDER TRANSFERRING VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

This case involves allegations of patent infringement by Health Hero Network, Inc. ("Health Hero"), a medical equipment provider, against Alere Medical, Inc. ("Alere"), a health services company. In September of 2007, Health Hero filed a patent infringement claim – based on U.S. Patent 7,223,236 ("'236 patent") – against Alere in the United States District Court, Northern District of Illinois. On October 1, 2007, Alere filed this action for declaratory relief in the Northern District of California, seeking to determine its rights to seven patents owned by Health Hero, none of which are directly at issue in the Illinois action.

Defendant Health Hero Network, Inc. now moves this Court to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404(a) grants district courts the discretion to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

1 expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co.
2 v. The Barge FBL-585, 364 U.S. 19, 26-27 (1960)). Because interests of justice and judicial
3 economy favor transfer, defendant's motion is GRANTED.

4     Section § 1404(a) has two requirements: (1) that the district to which the defendants
5 seek to have the action transferred is one in which the action "might have been brought"; and
6 (2) that the transfer be for the convenience of parties and witnesses, and in the interest of
7 justice. Alere does not contest that the Northern District of California would have subject
8 matter of its action pursuant to 28 U.S.C. § 1400(b). Accordingly, the decision to transfer
9 turns on § 1404's second requirement.

10     With respect to the second factor, the interest of justice is the most important
11 consideration. See Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1261 (W.D. Wash.
12 2005). "Consideration of the interest of justice, which includes judicial economy, may be
13 determinative to a particular transfer motion, even if the convenience of the parties and
14 witnesses might call for a different result." Regents of the University of California v. Eli
15 Lilly & Co., 119 F.3d 1559, 1565 (Fed.Cir. 1997) (internal quotation omitted). In this case,
16 the interest of justice and considerations of judicial economy strongly favor transfer.

17     There is a related action in the Northern District of Illinois that shares common
18 technology and products, common parties, and overlapping issues of infringement and
19 validity. Having all the patents before a single judge will obviate the need for duplicative
20 tutorials and evidence, and will facilitate global settlement. Furthermore, Health Hero has
21 submitted evidence demonstrating that the Northern District of Illinois is less congested than
22 this district, which suggests that the dispute will be more efficiently resolved if transferred.

23     On the other side of the scale, Alere persuasively argues that transfer would not
24 necessarily convenience the parties or witnesses. Many of the likely witnesses – including
25 inventors and prosecuting attorneys of the relevant patents – live in California. Moreover,
26 both companies maintain their principal place of business on the West Coast, Health Hero in
27 California and Alere in Nevada. Thus, it is arguable that transferring this case to Illinois will
28 place certain burdens on the parties and likely witnesses.

**United States District Court**
For the Northern District of California

1  However, the pertinent question is not simply whether <u>this</u> action would be more
2  conveniently litigated in Illinois than California, but whether it would be more convenient to
3  litigate the California and Illinois actions separately or in a coordinated fashion. In the
4  Court's opinion, the interest of justice and judicial economy would be promoted by
5  transferring this case to Illinois to prevent duplicative and unnecessary efforts. Accordingly,
6  Health Hero's motion to transfer is GRANTED.

7  **IT IS SO ORDERED.**

10  Dated: December 12, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3